# DISTRICT COURT OF MARYLAND FOR Howard County

**LOCATED AT (COURT ADDRESS)**
3451 COURTHOUSE DRIVE
ELLICOTT CITY, MARYLAND 21043

## CASE NO.

**CV**

**COMPLAINT/APPLICATION AND AFFIDAVIT**
**IN SUPPORT OF JUDGMENT**

☐ $5,000 or under ☐ over $5,000 ☒ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☒ tort
☐ replevin ☐ detinue ☐ bad faith insurance claim
The particulars of this case are:

SEE ATTACHED COMPLAINT

## PARTIES

**Plaintiff**
CARLOS A. PHEARS
10645 GRAMERCY PLACE, #150
COLUMBIA, MARYLAND 21044

### vs.

**Defendant(s):**

1. LVNV FUNDING, LLC, C/O CSC-LAWYERS
INCORPORATED SERVICE COMPANY
7 ST. PAULT STREET, SUITE 820
BALTIMORE, MARYLAND 21202

Serve by:
☒ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

2. RESURGENT CAPITAL SERVICE, L.P. C/O THE
CORPORATION TRUST INCORP.
351 WEST CAMDEN STREET
BALTIMORE , MARYLAND 21201

Serve by:
☒ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

3. CREDIT CONTROL, LLC C/O THE
CORPORATION TRUST, INC.
2405 YORK ROAD, SUITE 201
LUTHERVILLE, MARYLAND 21093-2264

Serve by:
☒ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

4.

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

**(See Continuation Sheet)**

The plaintiff claims $ 12,000.00 , plus interest of $ _____ ,
interest at the ☐ legal rate☐ contractual rate calculated at _____%,
from _____ to _____ ( _____ days x $ _____
per day) and attorney's fees of $ TBD plus court costs.
☐ Return of the property and damages of $ _____
for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
$ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

*Signature of Plaintiff/Attorney/Attorney Code*    CPF ID No.
Printed Name: CARLOS A. PHEARS
Address: 10645 GRAMERCY PLACE, #150
Telephone Number: (443) 319-5938
Fax: NONE
E-mail: cphears@comcast.net

## ATTORNEYS

**For Plaintiff - Name, Address, Telephone Number & Code**

NONE - PRO SE

## MILITARY SERVICE AFFIDAVIT

☐ Defendant(s) _____ is/are in the military service.
☒ No defendant is in the military service. The facts supporting this statement are: The Defendants are corporations and not subject to Military Service

*Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.*

☐ I am unable to determine whether or not any defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

August 31, 2020
*Date*     *Signature of Affiant*

## APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT (See Plaintiff Notice on Back Page)

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the defendant clearly of the claim against the defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☒ plaintiff ☐ _____ of the plaintiff herein and am competent to testify
to the matters stated in this Complaint, which are made on my personal knowledge; that there is justly due and owing by the defendant to the plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

August 31, 2020
*Date*     *Signature of Affiant*

DC-CV-001 (front) (Rev. 12/2018)

DISTRICT COURT OF MARYLAND FOR HOWARD COUNTY

CASE NO.: CV_____

| | |
|---|---|
| CARLOS A. PHEARS<br>10645 Gramercy Place #150<br>Columbia, Maryland 21044 | * COMPLAINT: √ $10,000 or Over |
| | * ACTION: √ Civil √ Tort |
| PLAINTIFF | * Plaintiff Claims: $12,000.00<br>plus, court costs |
| VS | * |
| LVNV FUNDING, LLC.<br>C/O RESIDENT AGENT FOR DEFENDANT –<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY | * |
| | * |
| | * |
| 7 ST. PAUL STREET<br>SUITE 820<br>BALTIMORE MD 21202 | * |
| | * |
| AND | * |
| RESURGENT CAPITAL SERVICES, L.P.<br>C/O RESIDENT AGENT FOR DEFENDANT<br>THE CORPORATION TRUST INCORP.<br>351 WEST CAMDEN STREET<br>BALTIMORE, MARYLAND 21201 | * |
| | * |
| | * |
| AND | * |
| CREDIT CONTROL, LLC.<br>C/O RESIDENT AGENT FOR<br>DEFENDANT-THE CORPORATION TRUST<br>INCORPORATED<br>2405 YORK ROAD, SUITE 201<br>LUTHERVILLE TIMONIUM MD 21093-2264 | * |
| | * |
| DEFENDANTS | |

*    *    *    *    *    *    *    *    *    *    *    *

COMPLAINT

NOW COMES Plaintiff, Carlos A. Phears, and files this Complaint against Defendants

LVNV Funding, LLC. C/O CSC-Lawyers Incorporating Service Company; Resurgent Capital

Services , L.P. C/O The Corporation Trust, Incorporated; and Credit Control, LLC C/O The

Corporation Trust for violations of the Maryland Consumer Debt Collection Act ("MCDCA"), Md

Code Ann., *Commercial Law Article, §§ 14-201, et. seq.*, the Federal Fair Debt Collection

1

Practices Act ("FDCPA"), 15 U.S.C. § 1692, the State and Federal *Fair Credit Reporting Act ("FCRA"), 15 U.S.C., § 1681, et. seq* and the tort of Defamation. Defendants actions resulted in financial injury to the Plaintiff based on their violations of the consumer protections established under federal and state law and, in support thereof, states:

### Count #1 – Maryland and Federal Fair Debt Collection Practices Acts

1. On or about April 1, 2020, Plaintiff requested his annual credit report for review from the three Credit Reporting Agencies, Experian, Equifax, and TransUnion. Upon receipt of the three credit reports, Plaintiff reviewed each of the credit reports for accuracy, and completeness of the information contained therein. As is Plaintiff's lawful right in accordance with the Fair Debt Collection Practices Act (FDCPA), the Maryland Consumer Debt Collection Act ("MCDCA"), Md Code Ann., *Commercial Law Article, §§ 14-201, et. seq.,* Plaintiff sent to the Defendants, via the United States Postal Service, certified letters requesting formal debt validation.

2. These letters were sent to Defendants on May 9, 2020, June 16, 2020, June 23, 2020, and August 5, 2020, respectively, well within the 30-day period expressly provided by the FDCPA. Plaintiff's Exhibits # 1, through #11 are appended to this Complaint and represent the formal dispute process implemented by the Plaintiff to challenge the reporting of an alleged unvalidated debt in his credit files.

3. On May 9, 2020, Plaintiff sent a certified letter to Defendant LVNV Funding, LLC., requesting legal validation of an alleged debt identified as account #444796XXXXXXX. The letter requested that this Defendant provide documentation of validation showing competent evidence, bearing Plaintiff's signature to establish a legal obligation to pay this alleged debt. Plaintiff further demanded that if validation could not be provided, Defendant must request that

all credit reporting agencies delete the entry. **[Plaintiff's Exhibit #1.– Letter from Plaintiff to Defendant LVNV Funding LLC, dated May 9. 2020]**

4.  On June 16, 2020, Plaintiff sent Defendant LVNV Funding, LLC, a letter stating that 30 days had passed since his request for debt validation. Plaintiff also described his expectation for the requested legal validation to be provided as required by law and warned this Defendant that legal action would ensue if the alleged debt is not validated. **[Plaintiff's Exhibit #2 – Letter from Plaintiff to Defendant LVNV Funding LLC, dated June 16, 2020]**

5.  Despite the Plaintiff's letter(s) Defendant LVNV Funding, LLC., never provided any competent legal validation of this alleged debt and continued to report ' same to the credit reporting agencies. The failure of the Defendant to provide legal validation is a failure to comply with the requirements of the MCDCA and the FDCPA.

6.  On June 18, 2020, Plaintiff received a letter, dated June 16, 2020, from Defendant Resurgent Capital Services L.P. requesting Plaintiff to call the following toll-free number (1-866-464-1187). Attached to Defendant Resurgent Capital Services L.P.'s letter was a legally insufficient debt validation that was merely an "account summary report", dated June 16, 2020 and time stamped at 2:12:28 P.M.

7.  While the Plaintiff was listed as the borrower, there was no supporting documentation that established legal validation showing that Plaintiff was obligated to pay either of these Defendants and/or the alleged original creditor, Credit One Bank, N.A. **[Plaintiff's Exhibit #3 – Letter from Defendant Resurgent Capital Services, L.P. to Plaintiff, dated June 18, 2020]**

8.  On June 23, 2020, Plaintiff sent certified letters to Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P. informing these Defendants that since May 9, 2020, they have not timely provided Plaintiff with a legally

3

sufficient debt validation. Plaintiff also notified Defendants that Plaintiff would pursue legal action if the requested debt validation is not forthcoming in fifteen (15) days. **[Plaintiff's Exhibit #4 – Letter from Plaintiff to Defendants LVNV Funding, LLC and Resurgent Capital, L.P., dated June 23, 2020]**

9.  Despite the Plaintiff's letter(s) to Defendants, LVNV Funding, LLC. and Resurgent Capital Services, L.P., both failed to provide any competent legal validation of Plaintiff's alleged debt and continued to report same to the credit reporting agencies. Therefore, they failed to comply with the FDCPA and the MCDCA requirement to provide legal validation of this alleged debt upon request.

10. On July 29, 2020, Plaintiff received a letter, dated July 27, 2020, from Defendant Credit Control, LLC. seeking payment for an unvalidated debt on behalf of the "current creditor" LVNV funding, LLC. for a debt that had been purchased from the alleged "original creditor" Credit One Bank, N.A. In the letter, the listed account number was 28515071 and alleged, without legal validation, that the amount due was $865.32. The letter included several payment options to "resolve your account for less than the total amount due." **[Plaintiff's Exhibit #5 – Letter from Defendant Credit Control , LLC to Plaintiff, dated July 27, 2020]**

11. Despite the Plaintiff's requests, Defendants LVNV Funding, LLC. and Resurgent Capital Services, L.P., never provided any competent legal validation of Plaintiff's alleged debt and continued to report same to the credit reporting agencies. The failure of the Defendants to provide legal validation is a violation of the provisions of the MCDCA and the FDCPA.

12. On August 5, 2020, Plaintiff sent a letter to Defendant LVNV Funding, LLC requesting that this Defendant provide Plaintiff with legal validation of the

4

alleged debt with proof that Plaintiff had any legal obligation to pay any of the Defendants named herein and/or the original creditor Credit One Bank, N.A. **[Plaintiff's Exhibit #6 – Letter from Plaintiff to Defendant LVNV Funding, LLC., dated August 5, 2020]**

13. On August 5, 2020, Plaintiff sent a letter to Defendants LVNV Funding, LLC and Credit Control, LLC requesting that Defendants provide Plaintiff with legal validation of the alleged debt. In addition, Plaintiff requested documentation to prove that Plaintiff had a legal obligation to pay the alleged debt. **[Plaintiff's Exhibit #7 – Letter from Plaintiff to Defendant Credit Control, LLC, dated August 5, 2020]**

14. Despite Plaintiff's repeated requests for legal validation of this debt with documentation, bearing Plaintiff's signature, that would establish a legal obligation for Plaintiff to pay the Defendants, none of the Defendants ever provided the requested information.

15. In addition to sending letters to Defendants, on May 19, 2020 and May 20, 2020, Plaintiff also sent letters to the credit reporting agencies, Experian, TransUnion, and Equifax wherein the alleged Plaintiff disputed account. After Plaintiff disputed the alleged debt with the Experian credit reporting agency, on June 16, 2020, Experian cited in the Plaintiff's credit file that the Resurgent Capital Services and the LVNV Funding, LLC accounts were disputed by the consumer (Plaintiff). **[Exhibit #8 - Experian Credit Report, dated June 16, 2020]**

16. On the Experian Credit Report, dated June 30, 2020, it was further cited that this dispute regarding Resurgent Capital Services and the LVNV Funding, LLC continued to be under investigation with a resolution date of July 22, 2020. **[Exhibit #9 – Experian Credit Report, dated June 30, 2020]**

5

17. On July 9, 2020, in response to Plaintiff's dispute, the Experian credit reporting agency deleted the account reported by Resurgent Capital Services and the LVNV Funding, LLC. **[Exhibit #10 – Experian Credit Report Update, dated July 9, 2020]**

18. Plaintiff also sent a dispute letter to the TransUnion credit reporting agency regarding the alleged debt to LVNV Funding, LLC, and Credit One Bank, N.A. As a result, of Plaintiff's dispute regarding the lack of validation of this alleged debt, on May 12, 2020, TransUnion removed this account from Plaintiff's credit files.

19. Then, on June 14, 2020, TransUnion credit reporting agency deleted the alleged original creditor Credit One Bank from Plaintiff's credit files. (Plaintiff's Exhibit #9 TransUnion Credit report, dated June 14, 2020

20. In response to Plaintiff's dispute regarding LVNV Funding, LLC, Equifax credit reporting agency updated Plaintiff's credit files to reflect that Plaintiff disputed this alleged account and had initiated a re-investigation of this disputed account. Equifax cited that "Additional information has been provided from the original source regarding this item. This creditor has verified to our company that the current status is being reported correctly. ." **[Exhibit #11 – Equifax Credit Report dated June 23, 2020]**

21. Because of the Defendants' willful and negligent disregard for the Plaintiff's rights as allowed by the MCDCA, the FDCPA and the FCRA, and publication of inaccurate, false and defamatory information, the Plaintiff has harmed by the misrepresentation of an alleged and unvalidated debt being reported on his credit report. By their actions, the Defendants have caused harm to Plaintiff's credit score and reputation for credit worthiness.

22. Not only did Defendants fail to comply with their legal obligations as a collection agency(s) to provide validation of a debt upon request but also, Defendants

6

caused false, inaccurate and misleading information about the validity and legal status of this account to be reported to credit reporting agencies; namely Experian, TransUnion and Equifax in violation of the Fair Credit Reporting Act, pursuant to 15 USC §1681, et seq. and § 623(a) (8). By Defendants' acts and omissions, they have defamed Plaintiff's financial reputation and creditworthiness.

23. Defendants also failed to notify Plaintiff, in writing, within thirty (30) days of inserting negative information into Plaintiff's credit files. At no time did Defendants ever notify Plaintiff, in writing, that Defendants had inserted any negative information into his credit file with Experian, TransUnion and Equifax credit reporting agencies. By their acts and omissions, Defendants also violated the Fair Credit Reporting Act, pursuant to 15 USC § 1681, et seq. and § 623 (a) (7) and caused serious damage to Plaintiff's reputation for credit worthiness, credit score and credit capacity.

These actions were in clear violation of the consumer protections required by the Maryland Consumer Debt Collection Practices Act ("MCDCA"), Md Code Ann., *Commercial Law Article, §§ 14-201, et. seq.* and the Federal Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").

By so doing, Defendants acted with malice by continuing to pursue collection activities without having validated the debt after Plaintiff's repeated requests for validation.

**WHEREFORE,** Plaintiff seeks damages from Defendants LVNV Funding, LLC, Resurgent Capital Service, L.P., and Credit Control, LLC.

A. For an award of damages in the amount of $4,000.

B. For an Order for Defendants to delete all references to this account from

7

and Plaintiff's credit files with all credit reporting agencies.

C. For such other further relief as the nature of this cause requires in the judgment of the court.

**Count #2 – Violation of the State and Federal Fair Credit Reporting Act**

Plaintiff herein respectfully requests and incorporates by reference the allegations, facts and exhibits as set forth in Count #1 of Plaintiff's Complaint.

24. Defendants LVNV Funding, LLC., Resurgent Capital Services, L.P. and Credit Control, LLC engaged in prohibited collection activities when they continued to report to Plaintiff's credit files an unvalidated allegedly delinquent account to the credit reporting agencies. Defendants knew that no legally binding contract or other documentation existed that obligated the Plaintiff to pay the alleged debt. Thus, by continuing collection activities, Defendants acted with malice and caused financial harm and injury to the Plaintiff's credit worthiness by depressing Plaintiff's credit score and capacity.

25. By Defendants' acts and omissions in failing to validate this alleged debt before engaging in collection activities and reporting this alleged debt to credit reporting agencies Defendant falsely and inaccurately "re-aged" Plaintiff's alleged account that extended the time period in which the account could continue to be reported to credit reporting agencies in violation of the Fair Credit Reporting Act, 15 USC § 1681, et seq. and § 605 I.

26. By Defendant acts and omissions, they have caused and will continue to cause serious damage to Plaintiff's reputation for credit worthiness,

credit standing and credit capacity. Therefore, Defendants are liable to Plaintiff in the amount of $1,000 for per violation.

27. By their acts and omissions, Defendants have engaged in willful noncompliance with the requirements of the Fair Credit Reporting Act, 15 USC § 1681, et seq., and has caused the Plaintiff to suffer economic harm in the form of denial of credit, credit extended at a higher interest rate and defamation. Therefore, Defendants are liable to Plaintiff in the amount of $1,000 for per violation.

28. By their acts and omissions, Defendants have engaged in intentional as well as negligent noncompliance with the requirements of the Fair Credit Reporting Act, 15 USC § 1681, et seq., and has caused the Plaintiff to suffer economic harm in the form of denial of credit, credit extended at a higher interest rate and defamation. Therefore, Defendants are liable to Plaintiff in the amount of $1,000 per violation.

29. By their acts and omissions, Defendants have wrongly reported false, inaccurate and defamatory information to credit reporting agencies with actual knowledge that the information contained errors in violation of the Fair Credit Reporting Act, 15 USC § 1681[s-1], et seq., and § 623(a) (1) (A) that has caused the Plaintiff to suffer economic harm in the form of denial of credit, credit extended at a higher interest rate and defamation. Therefore, Defendants are liable to Plaintiff in the amount of $1,000 per violation.

30. By their acts and omissions Defendants also violated the Fair Debt Collection Practices Act, 15, USC § 1692 (e) and 807 (2) by using false, deceptive, or misleading representation or means in connection with the

9

collection of a debt. Defendants' failure to accurately report the status of Plaintiff's account has caused the Plaintiff to suffer economic harm in the form of denial of credit, credit extended at a higher interest rate and defamation. Specifically, Defendants falsely represented the character, amount, or legal status of Plaintiff's debt to credit reporting agencies. Therefore, Defendants are liable to Plaintiff in the amount of $1,000 per violation.

31. These actions on the part of Defendants demonstrate a willful disregard for federal and state laws and constitute an unlawful disregard for the consumer rights and protection afforded to Plaintiff as a consumer thereby injuring the Plaintiff's credit worthiness.

**WHEREFORE,** Plaintiff further prays for the following relief:

A. For an award of damages in the amount of $4,000.

B. For an Order for Defendants to delete all references to this account from and Plaintiff's credit files with all credit reporting agencies.

C. For such other further relief as the nature of this cause requires in the judgment of the court.

### Count #3 - Defamation

Plaintiff herein respectfully requests and incorporates by reference the allegations, facts and exhibits as set forth in Counts #1 and #2 of Plaintiff's Complaint.

32. Defendants by their collective actions engaged in prohibited collection activities when they failed to provide validation of the alleged debt upon written requests by the Plaintiff. Based on Plaintiff's notice to the Defendant that this account was inaccurate and false, Defendants knew or should have known that to report negative, inaccurate, and/or

10

derogatory information to credit reporting agencies would adversely affect Plaintiff's reputation for creditworthiness.

33. By their acts and omissions, Defendants have engaged in willful noncompliance with the requirements of the MCDCA, FCDCPA and the FCRA, and by their willful, intentional and negligent acts have caused the Plaintiff to suffer economic harm in the form of denial of credit, credit extended at a higher interest rate. By so doing, Defendants have defamed Plaintiff's reputation for credit worthiness when they knew or should have known that the information was false. Therefore, Defendants are liable to Plaintiff in the amount of $1,000 for per violation.

34. Specifically, Defendants falsely represented the character, amount, or legal status of Plaintiff's debt to credit reporting agencies. Therefore, Defendants are liable to Plaintiff in the amount of $1,000 per violation.

35. These actions on the part of Defendants demonstrate a willful disregard for federal and State law and constitute a blatant attempt to injure, defame and/or ruin the credit rating of Plaintiff.

**WHEREFORE,** Plaintiff further prays for the following relief:

A. For an award of damages in the amount of $4,000.

B. For an Order for Defendants to delete all references to this account from Plaintiff's credit files with all credit reporting agencies.

C. For such other and further relief as the nature of this cause requires in the judgment of the court.

I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the foregoing Affidavit are true and correct to the best of my knowledge, information, and belief.

August 31, 2020

Carlos A. Phears
10645 Gramercy Place, #150
Columbia Maryland   21044
(443) 319-5938

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on this ___**31st**___ day of August 2020, a copy of the Plaintiff's Complaint for Violation of the State and Federal Fair Debt Collection Practices Act, Fair Credit Reporting Act and Defamation was hand-delivered to the Clerk of the District Court for Howard, located at 3541 Courthouse Drive, Ellicott City, Maryland 21043.

Carlos Phears

12

Carlos A. Phears
10645 Gramercy Place
150
Columbia, Maryland 21044

EXHIBIT

LVNV Funding, LLC
PO Box 1269
Greenville, SC 29602

Re: Acct # 444796XXXXXXX

To Whom It May Concern:

This letter is regarding account # 444796XXXXXXX, which you claim I owe $865. This is a formal notice that your claim is disputed.

I am requesting validation, made pursuant to the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, along with the corresponding local state laws. Please note that I am requesting "validation"; that is competent evidence bearing my signature, showing that I have (or ever had) some contractual obligation to pay you.

Please also be aware that any negative mark found on my credit reports (including Experian, Transunion and Equifax) from your company or any company that you represent, for a debt that I don't owe, is a violation of the FCRA & FDCPA; therefore if you cannot validate the debt, you must request that all credit reporting agencies delete the entry.

Pending the outcome of my investigation of any evidence that you submit, you are instructed to take no action that could be detrimental to any of my credit reports.

Failure to respond within 30 days of receipt of this certified letter will result in small claims legal action against your company at my local venue. I will be seeking a minimum of $1,000 in damages per violation for:

1.) Defamation
2.) Negligent Enablement of Identity Fraud
3.) Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8)
4.) Violation of the Fair Credit Reporting Act (including but not limited to Section 623-b)

Please Note: This notice is an attempt to correct your records, and any information received from you will be collected as evidence should any further action be necessary. This is a request for information only, and is not a statement, election, or waiver of status.

My contact information is as follows:

Carlos A. Phears
10645 Gramercy Place
150
Columbia, Maryland 21044
SSN: 219400803

P.S. Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action. I am also including a copy of my complaint to the organizations below:

Cc: Consumer Financial Protection Bureau
Cc: Attorney General's Office
Cc: Better Business Bureau





EXHIBIT
2

**CARLOS PHEARS**
**10645 Gramercy Place Unit 150**
**Columbia, Maryland 21044**

Certified #:_____

June 16, 2020

LVNV Funding, LLC
PO Box 1269
Greenville, SC 29602

Re: Acct #444796XXXXXXX

This letter in response to your claim regarding account #444796XXXXXXX, which you claim I owe $865.

By not replying in a timely manner to my initial letter on May 9, 2020, you have not only violated federal and state laws, but you have also failed to provide me with a copy of any viable evidence, bearing my signature, showing the account is being reported accurately.

Be aware that I am making a final goodwill attempt to have you clear up this matter. The listed item is entirely inaccurate and incomplete, and represents a very serious error in your reporting.

Failure on your behalf to provide a copy of an alleged contract or other instrument bearing my signature may result in a small claims action against your company.

I would be seeking a minimum of $1.000 in damages per violation.

Defamation
Negligent Enablement of Identify Fraud
Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8)
Violation of the Fair Credit Reporting Act (including but not limited to Section 623-b)

You would be required to appear in a court venue local to me, in order to formally defend yourself. My contact information is as follows:

Carlos Phears
10645 Gramercy Place Unit 150
Columbia, Maryland 21944

1

PO Box 510090
Livonia MI 48151-6090





EXHIBIT
3
3 PAGES

RESURGENT
*Capital Services*

<div style="border:1px solid">
Account Number: ************2408
Original Creditor: Credit One Bank N A
Current Owner: LVNV Funding LLC
Reference ID: 679627338
Balance: $865.32
Accountholder Name: Carlos Phears
</div>

PCAQNX00200101

ᵒ|ₗ|ₗ|ₗ||ᵖ|ₗ|ₗᵢₙ|||ₗ|ₗ|ₗᵢₗ|ₗᵢₗ|ᵢₗ||ₗᵖ|||||ₗ||ₗₚ||₁|₁ₗₚₗₗₗ||||

CARLOS PHEARS
10645 GRAMERCY PL UNIT 150
COLUMBIA, MD 21044-6074

June 16, 2020

Dear Carlos Phears,

Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry we recently received.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

**Please read the following important notices as they may affect your rights.**

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.



*Hours of Operation*
8:00AM-9:00PM EST
Monday - Thursday
8:00AM-7:00PM EST
Friday
9:00AM-5:00PM EST
Saturday



*Address*
PO Box 10497
Greenville, SC 29603



*Contact Numbers*
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0960



*Customer Portal*
Portal.Resurgent.com



PCAQNX00200101010010010130400

12392929-INITIAL-CS

Account Number 4447 9623 5327 2408
November 06, 2018 to December 05, 2018

## SUMMARY OF ACCOUNT ACTIVITY

| | |
|---|---|
| Previous Balance | $806.84 |
| Payments | $0.00 |
| Other Credits - | $0.00 |
| Purchases + | $0.00 |
| Cash Advances + | $0.00 |
| Fees Charged + | $45.25 |
| Interest Charged + | $13.43 |
| **New Balance** | **$865.32** |
| Credit Limit | $400.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 12/05/18 |
| Days in Billing Cycle | 30 |

### QUESTIONS?
Call Customer Service or Report
a Lost or Stolen Credit Card    1-877-825-3242
Outside the U.S. Call    1-702-405-2042
Please send billing inquiries and correspondence to:
P.O. Box 98873, Las Vegas, NV 89193-8873

## PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $865.32 |
| Past Due Amount | $226.00 |
| Amount Due This Period | $674.32 |
| **Minimum Payment Due** | **$865.32** |
| Payment Due Date | 01/01/19 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $37.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.

For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on the statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 1 months | $865.00 |

If you would like a location for credit counseling services, call 1-866-515-6720.

## TRANSACTIONS

| Reference Number | Trans Date | Post Date | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| | | | **Fees** | |
| F572700P3000CYLAC | 12/05 | 12/05 | ANNUAL FEE   01/19 THROUGH 01/19 | 8.25 |
| | 12/05 | 12/05 | LATE FEE | 37.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **45.25** |
| | | | **Interest Charged** | |
| | 12/05 | 12/05 | Interest Charge on Purchases | 13.24 |
| | 12/05 | 12/05 | Interest Charge on Cash Advances | 0.19 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **13.43** |

| 2018 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2018 | $421.95 |
| Total interest charged in 2018 | $118.14 |

YOUR ACCOUNT IS SCHEDULED TO BE CHARGED OFF.
THE BALANCE WILL BE DUE IN FULL. CALL (888)
729-6274.

*Your account is currently closed.*

## INTEREST CHARGE CALCULATION

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 21.90%(v) | $725.31 | $13.24 |
| Cash Advances | 21.90%(v) | $10.30 | $0.19 |

(v) = Variable Rate

---

5385    JBH    001   7   5   181205   0    C X PAGE 1 of 1    2 0   6727   9620   M160   O16M6385

Please return this portion with your payment, and write your account number on your check, made payable to *CREDIT ONE BANK*.



For address, telephone and email changes,
please complete the reverse side.
Or, update your contact information online
at www.CreditOneBank.com.

**PAY YOUR BILL ONLINE at CreditOneBank.com**

| | |
|---|---|
| Account Number: | 4447 9623 5327 2408 |
| New Balance: | $865.32 |
| Minimum Payment Due: | $865.32 |
| Payment Due Date: | 01/01/19 |

AMOUNT ENCLOSED:   $ _____ . _____



CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

CARLOS PHEARS
10845 GRAMERCY PL UNIT 150
COLUMBIA MD 21044-6074

0000000 0086532 0086532 4447962353272408 9

## ACCOUNT SUMMARY REPORT
### 6/16/2020 2:12:28 PM

*This account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor.*

| Borrower Information | | Current Account Information | |
|---|---|---|---|
| **Name:** | CARLOS PHEARS | **Owner:** | LVNV Funding LLC |
| **Address:** | 10645 Gramercy Pl Unit 150 | **Resurgent Reference #:** | 679627338 |
| | | **Original Creditor:** | Credit One Bank, N.A. |
| **City:** | Columbia | **Account Number:** | XXXXXXXXXXXX2408 |
| **State:** | MD | **Current Balance Due:** | $865.32 |
| **Zip Code:** | 21044-6074 | **Date of Last Payment:** | 05/01/2018 |

### Historical Account Information

| | |
|---|---|
| The original creditor for this account was: | Credit One Bank, N.A. |
| | P.O. Box 98873 |
| | Las Vegas, NV 89193 |
| The origination date with original creditor was: | 05/17/2017 |
| The account charge-off date was: | 12/06/2018 |
| The account charge-off amount was: | $865.32 |
| The account was acquired on or about: | 01/18/2019 |
| The account balance at time of acquisition: | $865.32 |

*This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.*



Page 1 of 1





EXHIBIT

4

Carlos A. Phears
10645 Gramercy Place, Unit 150
Columbia, Maryland 21044

June 23, 2020

LVNV Funding, LLC (Account Owner)          Certified mail: 70200090000203366824
PO Box 1269
Greenville, SC  29602
Account # 444796XXXXXXXXXXX

Resurgent Capital Services ( Account manager)     Certified mail: 70200090000203366862
PO Box 510090
Livonia Michigan 48151-6090
RE Account # 679627338

Re:     Acct #444796XXXXXXX
        Acct # 679627338 (Capital Resurgent Services)

Dear Sir/Madam:

You have failed to comply with my letter of May 9, 2020, in that you did not provide me with a copy of any viable evidence, bearing my signature, showing the account belongs to me; that I have any legal obligation to pay the alleged, and that the debt is being reported accurately.

Be advised that I am requesting a description of the procedure used to determine the accuracy and completeness of the information you are wrongly reporting to credit agencies.

Additionally, please provide the name, address, and telephone number of each person who personally verified this alleged account, so that I can inquire about how they "verified" without providing any proof, bearing my signature.

As per FTC opinion letter from Attorney John F. LeFevre, you should be aware that *a printout of a bill or itemized document does not constitute validation of a debt.*

I am again formally requesting a copy of any documents, bearing my signature, showing that I have a legally binding contractual obligation to pay you the alleged amount.

Be aware that I am making a final goodwill attempt to have you clear up this matter. The listed item is inaccurate and incomplete, and represents a very serious error in your reporting.

I am maintaining a careful record of my communications with you for the purpose of filing a complaint with the Consumer Financial Protection Bureau and the Attorney General's office, should you continue in your non-compliance of federal laws under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the corresponding local state laws. I further remind you that you may be liable for your willful non-compliance.

Failure on your behalf to provide a copy of any alleged **contract or other instrument bearing my signature will result in a small claims action against your company.**

Since time is of the essence and you have failed to comply with my request within the 30-days required by law, I am requesting that you do so no later than 15 days from the date of the receipt of this letter.

Sincerely,

Carlos A. Phears

Cc:     Resurgent Capital Services
        PO Box 510090
        Livonia Michigan 48151-6090



EXHIBIT
5
5 Pages

| Letter Date 07/27/2020 | Credit Control LLC 5757 Phantom Drive, Suite 330 Hazelwood, MO 63042 877-431-7784 | Hours of Operation (ET) M - TH 9a.m. - 6p.m. F 8a.m. - 5p.m. |

## Your Account Information

Current Creditor: LVNV Funding LLC
Original Creditor: Credit One Bank, N.A.

Our Acct.#: 28515071
Orig. Acct.#: ************2408
Amount Due: $865.32

## Savings Options

Dear Carlos Phears, please be advised, our client, LVNV Funding LLC, has placed the above-referenced account with our office for collection. We want to bring this matter to your attention. Subject to your rights set forth below or as otherwise provided by law, we have developed the following option(s) for you to resolve your account for less than the total Amount Due.

1. Resolve your account in 1 payment of $433.00. You save $432.32!
2. Resolve your account in 6 consecutive monthly payments of $80.00. You save $385.32!
3. Resolve your account in 12 consecutive monthly payments of $44.00. You save $337.32!

Upon completion of one of the options above, your account will be considered resolved. This offer will remain open until at least 45 days after you receive this notice. We are not obligated to renew this offer.

## Payment Instructions

- ⌂ Make a payment via our website at www.credit-control.com.
- ✉ Submit payment via U.S. mail to: PO BOX 100, HAZELWOOD MO 63042. Please include your account number in the memo section of your check or money order.
- ☎ Call us toll-free at 877-431-7784 to make payment arrangements. Calls are recorded and may be monitored for quality assurance purposes. You may ask for Mike Riley.

## Please Read Important Disclosures

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**NOTICE: DISCLOSURES MAY CONTINUE ON THE REVERSE SIDE**

# PRIVACY NOTICE



EXHIBIT

5β2

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Resurgent Acquisitions LLC | PYOD LLC | SFG REO, LLC |
| Resurgent Receivables LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| Resurgent Funding LLC | Sherman Originator LLC | Anson Street LLC |
| CACH, LLC | Sherman Originator III LLC | Sherman Acquisition LLC |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your credit worthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

Letter Sent
8/5

**CARLOS PHEARS**
**10645 Gramercy Place, Unit #150**
**Columbia, Maryland  21044**



**EXHIBIT**

_6_

2 Pages

August 5, 2020                                         Certified #: _____

LVNV Funding, LLC
PO Box 1269
Greenville, SC 29602

Re: Account #: 444796XXXXXXX

To Whom It May Concern:

This is my second and final for debt validation for this account. Requests were made, via certified mail on May 9, and June 16, 2020. Both requests have been ignored, and I received a letter dated July 27, 2020, from Credit Control, LLC notifying me that they received the alleged from your company. You have/had a legal obligation to validate this debt before giving it to another debt collector. To refresh your memory on what constitutes legal validation, I am giving you a list of the required documentation:

- Complete payment history, the requirement of which has been established vis Spears v. Brennan 745 N.E.2d 862, 2001 Ind. App. Lexis 509 and
- Agreement that bears the signature of the alleged debtor wherein he agreed to pay the original creditor.
- Letter of sale or assignment from the original creditor to your company. (Agreement with your client that grants you the authority to collect on this alleged debt.)
- Intimate knowledge of the creation of the debt by you, the collection agency.

I am sure you know, under FDCPA Section 809 (b), you are not allowed to pursue collection activity until the debt is validated. You should be made aware that in TWYLA BOATLEY, Plaintiff vs. DIEM CORPORATION, No. CIV 03-0762 UNITED STATES DISTRICT COOURT FOR THE DISTRICT OF ARIZONA 2004, THE COURTS RULED THAT REPORTING A COLLECTION ACCOUNT INDEED IS CONSIDERED COLLECTION ACTIVITY.

I am sure you are aware of the provisions in the Fair Debt Collection Practices Act (FDCPA). However, I would like to point out that your firm has violated provisions of the FDCPA in the following respects:

(a) By using deceptive or misleading representation for collection of the alleged debt and therefore violating 15 USC 1692(e).

AND

(b) By falsely representing the legal status of the alleged debt and therefore violating 15 USC 1692(e)(2)(A).

I am sure your legal staff will agree that non-compliance with this request could put your company in serious legal trouble with the FTC and other state or federal agencies. Under the FDCPA, each violation is subject to a $1,000 fine, payable to me.

If this matter is not resolved within 10 days from the receipt of this letter, I will file a lawsuit in the District Court of Maryland, Howard County to redress your violations and harm.

Carlos Phears

**CARLOS PHEARS**
**10645 Gramercy Place, Unit #150**
**Columbia, Maryland 21044**



August 5, 2020                                                Certified #: _____

Credit Control, LLC
5787 Phantom Drive, Suite 330
Hazelwood, MO 63042

Re: Accounts #: 28515071
      xxxxxxxxxxxx2408

To Whom It May Concern:

This is to formally request debt validation for the accounts you cited and for which I am alleged
to legally pay. On two occasions, May 9 and June 16, 2020, I requested LNVN, LLC to validate
this alleged debt and they failed to do so. and  my second and final for debt validation for this
account. I am warning you that you must validate this debt prior to reporting it to any credit
reporting agency.  Therefore, I am requesting the following on what documentation, which
constitutes legal validation:

- Complete payment history, the requirement of which has been established vis Spears v.
  Brennan 745 N.E.2d 862, 2001 Ind. App. Lexis 509 and
- Agreement that bears the signature of the alleged debtor wherein he agreed to pay the
  original creditor.
- Letter of sale or assignment from the original creditor to your company. (Agreement with
  your client that grants you the authority to collect on this alleged debt.)
- Intimate knowledge of the creation of the debt by you, the collection agency.

I am sure you know, under FDCPA Section 809  (b), you are not allowed to pursue collection
activity until the debt is validated.  You should be made aware that in TWYLA BOATLEY, Plaintiff
vs. DIEM CORPORATION, No. CIV 03-0762 UNITED STATES DISTRICT COOURT FOR THE
DISTRICT OF ARIZONA 2004, THE COURTS RULED THAT REPORTING A COLLECTION
ACCOUNT INDEED IS CONSIDERED COLLECTION ACTIVITY.

I am sure you are aware of the provisions in the Fair Debt Collection Practices Act (FDCPA).
However, I would like to point out that your firm has violated provisions of the FDCPA in the
following respects:

(a) By using deceptive or misleading representation for collection of the alleged debt and
     therefore violating 15 USC 1692(e).

     AND

(b) By falsely representing the legal status of the alleged debt and therefore violating 15
     USC 1692(e)(2)(A).

I am sure your legal staff will agree that non-compliance with this request could put your company in serious legal trouble with the FTC and other state or federal agencies. Under the FDCPA, each violation is subject to a $1,000 fine, payable to me.

Already, LVNV, LLC is the subject of my lawsuit to be filed in a lawsuit in the District Court of Maryland, Howard County. If you have provided this alleged debt to any credit reporting agency, I am demanding that you immediately delete this information.

I look forward to your reply.


Carlos Phears



**EXHIBIT 8**

RESURGENT/LVNV FUNDING Partial Acct # 4447982353327   PO BOX 1269 GREENVILLE SC 29602 (866) 464 1183

| Date opened | First reported | Recent balance | Payment history |
|---|---|---|---|
| Jan 2019 | Apr 2019 | $865 as of Jun 2020 | |
| **Original creditor** | **Terms** | **Status** | |
| CREDIT ONE BANK | 1 Months | Collection account. $865 | |
| NA | **Monthly payment** | past due as of Jun 2020. | |
| **Type** | Not reported | This account is | |
| Debt Buyer | **Credit limit or original** | scheduled to continue on | |
| **Responsibility** | **amount** | record until Mar 2025. | |
| Individual | Not reported | **Comment** | |
| | **High balance** | Account information | |
| | Not reported | disputed by consumer | |
| | | (Meets requirement of | |

Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | C | C | C | C | C | C | C | | | | | |
| 2019 | | | | C | C | C | C | C | C | C | C | C |



EXHIBIT

9

tabbies

---

The original amount of this account was $17,744

**RESURGENT/LVNV FUNDING** Partial Acct # 447796236327 P.O. BOX 1269 GREENVILLE SC 29602 (866) 464 1187

| | | | Payment history |
|---|---|---|---|
| **Date opened** | **First reported** | **Recent balance** | Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec |
| Jan 2019 | Apr 2019 | $865 as of Jun 2020 | 2020 |
| **Original creditor** | **Terms** | **Status** | 2019 |
| CREDIT ONE BANK | 1 Months | Collection account. $865 | |
| NA | **Monthly payment** | past due as of Jun 2020. | |
| **Type** | Not reported | This account is | |
| Debt Buyer | **Credit limit or original** | scheduled to continue on | |
| **Responsibility** | **amount** | record until Mar 2025. | |
| Individual | Not reported | **Comment** | |
| | **High balance** | Account information | |
| | Not reported | disputed by consumer | |
| | | (Meets requirement of | |
| | | the Fair Credit Reporting | |
| | | Act). | |
| | | This item was updated | |
| | | from our processing of | |
| | | your dispute in Jun 2020. | |
| | | **Date of Status.** | |

CARLOS PHEARS | Report # 0524-3017-38 for 07/09/20

EARLY FUNDING LLC 444796235327.... Outcome: Deleted - This item was removed from your credit report. Please review your report for the details.



**EXHIBIT**

tabbies

_10_

>>> *We have researched the credit account. Account # - 444796235327* The results are:* Additional information has been provided from the original source regarding this item. This creditor has verified to OUR company that the current status is being reported correctly. This creditor has verified to OUR company that the prior paying history is being reported correctly. Historical account information was updated on this account. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *PORTFOLIO STATUS *ADDITIONAL INFORMATION *HISTORICAL ACCOUNT INFORMATION. If you have additional questions about this item please contact: *Lviv Funding LLC, PO Box 1269, Greenville SC 29602 Phone: (866) 464-1183*

**Lviv Funding LLC     PO Box 1269, Greenville SC 29602 (866) 464-1183**

| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|
| 444796235327* | | 01/18/2019 | $865 | $0 | | | 13 | | | Financial |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Mjr. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/23/2020 | $865 | $865 | | $0 | $0 | 08/2018 | | 04/2019 | $0 | | $0 | | |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Collection Account | Open | Debt Buyer Account | Individual Account | Original Creditor | **CREDIT ONE BANK NA** |

ADDITIONAL INFORMATION:
*Consumer Disputes - Reinvestigation in Process*
*Consumer Disputes This Account Information*

**EXHIBIT**

tabbies   11

Collection Account

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 05/20 | *$865* | | | | *$865* | | *$0* | *Debt Buyer Account* | |

ADDITIONAL INFORMATION:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 04/20 | $865 | | | | $865 | | $0 | Debt Buyer Account | |

ADDITIONAL INFORMATION: