IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARLOS A. PHEARS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2843 |
| LVNV FUNDING, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The *pro se* Plaintiff in this case, Carlos A. Phears, has filed a Complaint against Defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Credit Control, LLC ("Credit Control") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq.* ("MCDCA"), the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and a "state . . . Fair Credit Reporting Act," as well as defamation. (ECF No. 2.) The alleged violations stem from the Defendants' attempts to collect a debt the Plaintiff originally owed to Credit One Bank, N.A. ("Credit One"), which was subsequently purchased by LVNV. According to the Complaint, the Plaintiff sought to dispute and validate debts he found on his credit reports. (*Id.* at ¶ 1.) The Defendants did not validate these debts. (*Id.* at 5.) Presently pending before this Court is the Defendants' Motion to Dismiss and Compel Arbitration, or in the alternative, to Dismiss for Failure to State a Claim (ECF No. 6). For the reasons that follow, said Motion shall be GRANTED, and this case is DISMISSED WITH PREJUDICE.

In response to the Complaint, the Defendants noted in their memorandum in support of the Motion to Dismiss (ECF No. 6-1) that the Plaintiff agreed to arbitrate all claims relating to his Credit One credit card account, and therefore, the Complaint should be dismissed. Secondly, in the alternative, the Defendants assert that the Plaintiff has failed to state a claim for violation of the MCDCA, FDCPA, FCRA, and "state" FRCA, and for defamation. Upon the filing of this Motion to Dismiss (ECF No. 6), the Clerk of this Court forwarded a letter to Plaintiff Phears dated October 8, 2020 (ECF No. 7), specifically advising him that a failure to timely respond to the Defendants' motion within twenty-eight (28) days could result in dismissal of the case. There has been no response by the Plaintiff to the pending Motion to Dismiss (ECF No. 6).

Furthermore, the credit card agreement between Phears and Credit One clearly provided that both parties agreed to submit any dispute to arbitration. (*See* Ex. 1, ECF No. 6-3.) The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, "provides for the enforceability of arbitration agreements and specific procedures for conducting arbitrations and enforcing arbitration awards . . . ." *McCormick v. Am. Online, Inc.*, 909 F.3d 677, 679 (4th Cir. 2018). Under § 2 of the FAA, an arbitration contract is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract." In *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit held that "[a] district court . . . has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in the case fall within its purview." Accordingly, a court must "engage in a limited review to ensure that the dispute is arbitrable— i.e., that a valid arbitration agreement exists between the parties and that the specific dispute

falls within the substantive scope of the agreement." *Murray v. United Food and Commercial Workers Int'l Union*, 289 F.3d 297, 302 (4th Cir. 2002). Notwithstanding the terms of § 3 of the FAA, which allow the Court to issue a stay pending arbitration, "dismissal is the proper remedy when all of the issues presented in the lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).

There is a valid arbitration agreement between the parties. Sometime before June 16, 2020, the Plaintiff incurred a debt with Credit One, which LVNV acquired and placed with Resurgent for management. (ECF No. 2, Ex. 3.) The Visa/Mastercard Cardholder Agreement between the Plaintiff and Credit One (the "Card Agreement") sets forth standard terms, conditions, and disclosures regarding the Plaintiff's credit card. (ECF No. 6-2 at ¶ 5.) This Court may consider a document submitted by the movant that was not attached to or expressly incorporated in the complaint, such as the Card Agreement, so long as the document was integral to the complaint and there is no dispute about the document's authenticity. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). In this case, the Card Agreement notified the Plaintiff that he and Credit One agreed to arbitrate certain claims. (ECF No. 6-3 at p. 5.) The arbitration provision designated that:

> You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims") be submitted to mandatory, binding arbitration. This arbitration provision is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, and (to the extent State Law is applicable), the State law governing this Agreement.

(*Id.* at p. 8.) The Card Agreement explicitly stated that the arbitration provision would survive termination or changes to the Card Agreement, bankruptcy, and "any transfer or assignment

of your Account, or any amounts owned on your Account, to any other person." (*Id.* at p. 9.) The Agreement also included a choice of law provision indicating that Nevada's laws govern its terms. (*Id.* at p. 6.)

The Card Agreement was transferred from Credit One and assigned to LVNV. (ECF No. 2, Ex. 3.) Resurgent was tasked handling servicing for LVNV, and Credit Control was in charge of the debt collection services. (*Id.*) Under Nevada law, "a contractual right is assignable unless assignment materially changes the terms of the contract or the contract expressly precludes assignment." *Easton Bus. Opp. v. Town Exec. Suites*, 230 P.3d 827, 830 (Nev. 2010). Therefore, upon transfer of the Agreement, the Defendants came to stand in the shoes of Credit One, and there is a valid arbitration agreement between the parties.

The Plaintiff's claims against the Defendants are also within the scope of the Card Agreement's valid arbitration provision. The "Claims Covered" by the arbitration provision include: "disputes relating to the establishment, terms, treatment, operation, handling, limitations on, or termination of [the Plaintiff's] account"; "disclosures or other documents or communications relating to [the Plaintiff's] account"; "collections matters relating to [Plaintiff's] account"; and any other related matters. (ECF No. 6-3 at p. 8.) The Plaintiff specifically alleges that Defendants failed to validate the debt claimed as due and owing on the Credit One account (Count 1), failed to note the account as disputed in violation of state and federal reporting requirements (Count 2), and, by extension, reported derogatory information about the Plaintiff (Count 3). (*See* ECF No. 2.) These claims surely fall within the scope of operation, handling, and communication with respect to the Plaintiff's account, collection matters, or other related matters. In executing the Card Agreement, the Plaintiff specifically

4

agreed to submit these types of claims to arbitration. Accordingly, dismissal is the proper remedy in this case.

Alternatively, the Plaintiff has failed to state a claim upon which relief can be granted, and this matter is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "even a *pro se* complaint must be dismissed if it does not allege 'a plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679(2009)). There is no cause of action stated in this Complaint.

There are no facts in this case to indicate that the Defendant failed to validate a debt under Section 809 of the FDCPA, codified as 15 U.S.C. § 1692g, and by extension, the MCDCA, Md. Code Ann., Comm. Law § 14-202(11), which prohibits one from engaging in conduct which violates §§ 804 through 812 of the FDCPA. Section 1692g(a) provides that a debt collector must furnish, in the initial communication with a debtor or within five days thereafter, information concerning the debtor's rights to request debt validation. Section 1692g(b) provides that if the consumer notifies the debt collector in writing within the thirty-day period that any portion of the debt is disputed, the debt collector shall cease collection until it obtains verification of the debt. With respect to LVNV and Resurgent, there is no evidence to suggest that either Defendant made an initial communication which triggered the thirty-day period for notification, and even if the Plaintiff's review of his credit report on April 1, 2020 constituted an initial communication under § 1692g(a), Plaintiff did not send any notification to LVNV or Resurgent within the thirty-day period either. (ECF No. 2 at ¶ 3, 8, Ex. 1.)

Further, Resurgent sent a letter on June 18, 2020 (ECF No. 2, Ex. 3) that met the Fourth Circuit's requirements for verification, which "involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). With respect to Credit Control, there may have been an initial communication by Credit Control and appropriate notification by the Plaintiff, however, there are no facts to suggest Credit Control continued to collect or attempt to collect the debt following receipt of that notification on August 5, 2020 in violation of § 1692g(b).

Under the FCRA, the Plaintiff appears to allege a violation under 15 U.S.C. § 1681s-2(a), for which there is no private cause of action. *See* 15 U.S.C. § 1681s-2(b). Even so, the FCRA requires that once a furnisher of information receives a consumer dispute provided to a consumer credit reporting agency, "the furnisher shall 'conduct an investigation with respect to the disputed information,' 'review all relevant information provided by the [credit reporting agency] pursuant to section 1681i(a)(2) of this title,' and 'report the results of the investigation to the [credit reporting agency].'" *Long v. Pendrick Capital Partners II, LLC*, 374 F. Supp. 3d 515, 526-27 (D. Md. 2019) (quoting 15 U.S.C. § 1681s-2(b)(1)(A)-(C)). There are no allegations that Credit Control furnished any information to a credit reporting agency, and with respect to LVNV and Resurgent, there are no allegations that either received the Plaintiff's disputes provided to relevant credit reporting agencies, or that they performed or failed to perform an investigation or report an investigation to the credit reporting agencies.

Finally, Plaintiff asserts claims against the Defendants for violation of the "state Fair Credit Reporting Act" and for defamation, however, these claims are both preempted by the federal FCRA. The FCRA states:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or with willful intent to injury such consumer.

15 U.S.C. § 1681h. As this Court held in *White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867, 872 (D. Md. 2015) (quoting *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010)), claims arising under Maryland statutes and related to the furnishing of credit information to credit reporting agencies "run 'into the teeth of the FCRA preemption provision.'" The "state" FCRA claims are, therefore, explicitly preempted under the FCRA. The defamation claim is also preempted. It does not fall into the "furnished with malice" exception provided by the federal statute, as the there exists no evidence of any malice on the part of the Defendants.

Accordingly, this 2nd day of December, 2020, it is HEREBY ORDERED that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint and Compel Arbitration (ECF No. 6) is GRANTED;

2. Plaintiff Phears' Complaint (ECF No. 2) is DISMISSED WITH PREJUDICE;

3. The Clerk of this Court shall CLOSE THE CASE; and

4. The Clerk of the Court shall transmit a copy of this Memorandum Order to counsel of record.

/s/
Richard D. Bennett
United States District Judge